UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

---

**In re:**

**ROBERT S. LEBEN,**                                          Chapter 7 Case
        **Debtor.**                                    # 03-11824

---

**PHILIP HARRIS and**
**JUDY HARRIS,**
        **Plaintiffs,**
        v.                                            Adversary Proceeding
                                                      # 04-1015
**ROBERT S. LEBEN**
        **Defendant.**

Filed & Entered On Docket 02/14/06

---

*Appearances:*   Rebecca A. Rice, Esq.                       John R. Canney III, Esq.
        Cohen & Rice                                 Rutland, Vt.
        Rutland, Vt.                                 *For the Debtor-Defendant*
        *For the Plaintiffs*

**MEMORANDUM OF DECISION**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Philip and Judy Harris (the "Plaintiffs") initiated the instant adversary proceeding objecting to the discharge of the debt that Robert S. Leben (the "Defendant" and collectively with the Plaintiffs the "Parties") owes to the Plaintiffs on the ground that the Bankruptcy Court for the Eastern District of New York has already determined that the debt is non-dischargeable under § 523(a)(2)(A).[1] On November 18, 2005, the Plaintiffs moved for summary judgment based on res judicata and claim preclusion (doc. # 20) (the "Plaintiffs' Motion"). The Defendant asserts that the Plaintiffs' Motion should be denied because the judgment obtained by the Plaintiffs in the New York proceeding was improperly granted (doc. # 24). After a review of the pleadings, relevant statutes and case law, the Court finds that there is no genuine issue of material fact in dispute between the Parties, that summary judgment is proper, and that res judicata bars the Defendant from re-litigating the dischargability of the debt he owes to the Plaintiffs in this Court. Accordingly, the Plaintiffs are entitled to judgment as a matter of law.

**JURISDICTION**

The Court has jurisdiction over this adversary proceeding and the motion for summary judgment under 28 U.S.C. §§ 157(b)(2)(A) and (I).

---

[1] Unless otherwise indicated, all statutory references are to the United States Bankruptcy Code in effect prior to October 17, 2005, since this case was filed prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act (the "BAPCPA").

## BACKGROUND FACTS

The pertinent facts are not in dispute. Beginning in 1992, the Defendant acted as the Plaintiffs' stockbroker (doc. # 1, ¶ 3). While employed as the Plaintiffs' stockbroker, the Defendant entered into a number of unauthorized transactions causing the Plaintiffs to suffer losses in excess of $400,000 (doc. # 1, ¶ 5). Plaintiffs commenced an action against the Defendant to recover their losses and were awarded $410,000 (doc. # 1, ¶ 6). On April 24, 1994, the Defendant filed a chapter 7 petition in the U.S. Bankruptcy Court for the Eastern District of New York and listed the Plaintiffs as general unsecured creditors. Id. On August 11, 1994, the Plaintiffs commenced an adversary proceeding objecting to the discharge of their debt (doc. # 16, ¶ 6). The Defendant filed an answer to the complaint and later sought summary judgment on the issue of the dischargeability of the Plaintiffs' debt (doc. # 16, ¶ 7). The Court denied the Defendant's Motion for Summary Judgment and, after numerous extensions of time, scheduled a trial date to determine the issue of dischargeabilty (doc. # 16, ¶¶ 9-14). The Defendant failed to appear at the scheduled trial, and on April 17, 1997 the Court entered a default judgment (the "1997 Judgment") in favor of the Plaintiffs in the amount of $460,521.86 (doc. # 16, ¶¶ 14-15).

On December 4, 2003, the Defendant filed a chapter 7 petition with this Court (case # 03-11824, doc. # 1). Again, the Defendant listed the Plaintiffs on his Schedule F as general unsecured creditors. On March 8, 2004, the Plaintiffs initiated this adversary proceeding to determine the dischargeability of their debt (A.P. # 04-1015, doc. # 1). Thereafter, the Plaintiffs filed the instant motion for summary judgment asking the Court to determine that their unsecured debt is exempted from discharge (doc. # 20). On January 12, 2006, the Defendant filed an opposition to the Plaintiffs' Motion asserting that the judgment granted by the Eastern District of New York bankruptcy court was erroneous (doc. # 24).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware &

2

Hudson Ry. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990), cert. denied, 500 U.S. 928 (1991).

**DISCUSSION**

The Court finds that there are no material facts in dispute.[2] The Plaintiffs maintain that a decision of nondischargeability made by one bankruptcy court bars the redetermination of that issue in a subsequent bankruptcy proceeding and res judicata bars the Defendant from relitigating the 1997 Judgment. The doctrine of res judicata directs that "[a] final judgment on the merits of an action precludes the parties or their privities from relitigating issues that were or could have been raised in that action." Federated Department Stores, Inc., v. Moitie, 452 U.S. 394, 398 (1981). This doctrine is of vital importance for both litigants and society because it provides parties with certainty in legal decisions and guarantees that multiple courts will not have to adjudicate a single issue. In re Teltronics Services, Inc., 762 F.2d 185, 190 (2d Cir. 1985). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." Monaham v. New York City Department of Corrections, 214 F.3d 275, 285 (2d. Cir. 2000), cert. denied, 531 U.S. 1035 (2000). Thus, res judicata will preclude later litigation if the earlier decision was "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." In re Teltronics, 762 F.2d at 190, citing Commissioer v. Sunnen, 333 U.S. 591, 597 (1948).

The power of res judicata to preclude a second determination of an issue is not altered by the fact that the previous judgment may have been incorrect or rested on an improper legal determination. Federated Department Store, 452 U.S. at 398. An improper determination reached by the court in the first case does not deprive the party of their right to rely on res judicata in the second action. Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 325 (1927). A judicial determination based on an "erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." Id. Allowing a contrary view to prevail "would result in creating elements of uncertainty and confusion and undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert." Reed v. Allen, 286 U.S. 191, 201 (1932). Thus, if a party believes that a court made an improper determination in a case, he or she must make every effort to have the issue resolved by the proper panel in the same jurisdiction.

The issue presently before the Court is whether the 1997 Judgment bars the Defendant from relitigating the nondischargeability of the debt owed to the Plaintiffs. The 1997 Judgment was rendered by a court of competent jurisdiction, involved the identical parties, dealt with the same issue of

---

[2] All material facts in the Plaintiffs' Statement of Undisputed Facts are deemed admitted due to the Defendant's failure to controvert those facts or provide a statement of disputed material facts. Vt. LBR 7056-1(a)(3) (2005).

nondischargeability before the Court today, and concluded in a valid final judgment on the merits. The fact that the 1997 Judgment was a default judgment does not diminish its preclusive effect. The Supreme Court and the Second Circuit Court of Appeals have made clear that "[a] judgment of a court having jurisdiction of the parities…operates as res judicata, in the absence of fraud or collusion, even if obtained in default." Saud v. The Bank of New York, 929 F.2d 916, 919 (2d Cir. 1990), citing Morris v. Jones, 329 U.S. 545, 550-51 (1948). There is no evidence in the record that the 1997 Judgment was obtained by fraud or collusion. Thus, the 1997 Judgment is a valid, final determination of nondischargability binding on the Defendant and not subject to collateral attack.

The Defendant's argument that this Court should not follow the 1997 Judgment due to the court's failure to follow the proper procedures for entering a default judgment is without merit. The preclusive effect of the 1997 Judgment cannot be "defeated by a claim of error in the original judgment." Federated Department Stores, 452 U.S. at 398. If the Eastern District of New York bankruptcy court misapplied the Bankruptcy Rules or the Federal Rules of Civil Procedure, the Defendant had the opportunity to file an appeal, a motion to vacate, or a motion for reconsideration to remedy the error. The Defendant did not pursue such remedies. Thus, the Defendant's arguments constitute an impermissible collateral attack on a valid final judgment on the merits.

The summary judgment evidence compels a finding that res judicata bars the Defendant from relitigating the dischargeability of the debt owed to the Plaintiffs. Accordingly, the Plaintiffs' motion for summary judgment is granted.

### CONCLUSION

The summary judgment record reveals that no material facts are subject to a genuine dispute. Based upon the undisputed facts before it, the Court finds that the 1997 Judgment dealt with the same legal issue presently before the Court, had the identical parties, and was based on the same facts as are present in the current proceeding. The Court finds that the doctrine of res judicata applies and precludes the Defendant from collaterally attacking the previous judgment, and that the Plaintiffs are entitled to judgment as a matter of law. Therefore, the Plaintiffs' Motion for Summary Judgment is granted in all respects.

This constitutes the Court's findings of facts and conclusions of law.

**SO ORDERED.**

_____

February 14, 2006　　　　　　　　　　　　　　　　Colleen A. Brown
Rutland, Vermont　　　　　　　　　　　　　　　　United States Bankruptcy Judge

4